1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    HUMBERTO MALAGON-MALAGON,                    CASE NO. 06CV0041-LAB
                                                   [Related Case 04cr2665-LAB]
12                             Petitioner,
         vs.                                       **ORDER DENYING PETITION**
13                                                 **FOR WRIT OF HABEAS CORPUS**
      UNITED STATES OF AMERICA,
14
                               Respondent.
15

16        On January 19, 2005, Petitioner, pursuant to a plea agreement, agreed to plead guilty to

17   violating 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, unlawfully bringing an alien into the United

18   States for commercial advantage.  As part of the agreement, the United States agreed to dismiss the

19   remaining counts of the indictment.  On April 4, 2005, the Court accepted Petitioner's plea and

20   sentenced him to 36 months' imprisonment.

21        Approximately a year later, Petitioner filed a habeas petition seeking relief from the sentence.

22   He argues he should have been sentenced for a violation of 18 U.S.C. § 1203, which he believed was

23   punishable by no more than 18 months' imprisonment.  He also contends his attorney fraudulently

24   induced and forced him against his will to plead guilty by  incorrectly advising him that if he did not

25   plead guilty, his sentence could be greater.  Petitioner also repeatedly asserts he was not the Defendant

26   in this case.

27        The statute cited by Petitioner, 18 U.S.C. § 1203, pertains to the taking of hostages.  The

28   factual basis for the plea set forth in the plea agreement made clear Petitioner committed the crime of

1   smuggling aliens, and not taking hostages.  Moreover, contrary to Petitioner's premise that 18 U.S.C.

2   § 1203 carries a lesser penalty than three years, a violation of section 1203 is punishable by

3   imprisonment for life.  Petitioner also errs in asserting his attorney incorrectly informed him his

4   sentence could be greater if he did not plead guilty.  The Court here imposed the statutory minimum

5   sentence.  Petitioner <u>could not</u> have been sentenced to a lesser term, regardless of whether he had

6   chosen to plead guilty or go to trial.  Finally, Petitioner's nonsensical contention he was not the

7   Defendant in this case is refuted by the record which establishes he was the person who faced trial and

8   who pleaded guilty.

9          The plea agreement in this case was signed by Petitioner and specifically set forth his

10  acknowledgment that by pleading guilty to smuggling aliens for financial gain, he was subject to a

11  mandatory minimum term of imprisonment of not less than three years and a maximum term of

12  imprisonment of ten years.  The plea agreement also contained a specific acknowledgment from

13  Petitioner that he was waiving his right to trial.  Finally, Petitioner specifically waived both the right

14  to appeal and the right to collaterally attack the sentence, unless the sentence exceeded the greater of

15  the statutory mandatory minimum term or the high end of the Sentencing Guideline range the

16  Government recommended.  Because Petitioner was sentenced to the statutory mandatory minimum,

17  the exception to the waiver does not apply.

18         A knowing and voluntary waiver of an appellate right is enforceable.  *United States v. Anglin*,

19  215 F.3d 1064, 1068 (9th Cir. 2000) ("The sole test of a waiver's validity is whether it was made

20  knowingly and voluntarily."); *id.* at 1066 (observing that knowing and voluntary waivers of appellate

21  rights in criminal cases are "regularly enforce[d]"); *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir.

22  1998) (holding that waiver of appellate right is enforceable if knowingly and voluntarily made). In this

23  case, Petitioner specifically affirmed he had read the plea agreement, understood it, discussed it with

24  his attorney, had no questions about it, and was satisfied with his attorney's advice.  (Hr'g Tr. at

25  8:7–9:1.)

26  / / /

27  / / /

28  / / /

1    Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence

2  forecloses his present challenge which, in any event, is frivolous.

3    **PETITION DENIED**.

4  DATED:  _6-1-07_____

5                                         _Larry A. Burns_____

6                                         **HONORABLE LARRY ALAN BURNS**
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28